WAYNE LUTHER, APPELLANT, V. KENNETH SOHL, APPELLEE.

181 N. W. 2d 268

Filed November 20, 1970. No. 37561.

Michael T. Levy and Harry B. Otis of Gaines, Spittler, Neely, Otis & Moore, for appellant.

Harold W. Kauffman and A. G. Schatz of Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This was a trial upon the sole issue of whether the defendant was estopped from raising the statute of limitations as a defense to plaintiff's action for personal injuries. At the close of plaintiff's evidence, the district court sustained defendant's motion to dismiss.

On December 14, 1964, the plaintiff sustained injuries to his back and leg while he was assisting the defendant in repairing a roof on defendant's farm. Farm Bureau Insurance Company of Nebraska was the liability insurer of defendant at the time of the accident. The plaintiff was also an insured of Farm Bureau Insurance Company. In the spring of 1965, Farm Bureau paid plaintiff the full amount of medical payments provided for in both insurance policies.

The plaintiff and his wife were the only witnesses who testified. The plaintiff on December 14, 1964, and thereafter knew that there was a 4-year statute of limitations on personal injuries in Nebraska, and that it would run on December 14, 1968. In January 1967, plaintiff visited the office of Farm Bureau Insurance Company in Lincoln, Nebraska, in an attempt to settle his claim. He thought that he then gave a statement regarding the accident. Plaintiff's next contact with the insurance company was a visit by a Mr. Morrison at plaintiff's home on November 1, 1967. The plaintiff gave Mr. Morrison written authority to obtain medical information and also requested a change in a portion of his original statement. Mr. Morrison next visited the plaintiff on June 13, 1968. At that time, plaintiff expressed to Mr. Morri-

son his concern about the statute of limitations. Morrison told him at that time that as long as they were still negotiating he need not worry about the statute of limitations. Morrison made a specific settlement offer which was refused. On July 10, 1968, Morrison again called at the plaintiff's home, reiterated the same settlement offer of June 13, and advised plaintiff and his wife that it was the final amount the company would offer. It was on a take it or leave it basis. After refusal, Morrison stated that he would still make an attempt to get more. On July 18, 1968, Morrison called the plaintiff by telephone and reported that the company would not add anything to the figure. The plaintiff conceded that he might have told Morrison that he would get an attorney to process his claim. Plaintiff also admitted that he knew from the outset that the insurance company had considerable doubts about the liability.

The plaintiff had no further negotiations with Morrison or with any agent of the insurance company after July 18, 1968. Plaintiff's wife testified that she knew the settlement offer of the insurance company on July 10, 1968, was all it would offer. The plaintiff testified that he supposed the insurance company had ceased negotiating in July 1968, but he was still "hoping." The plaintiff called Morrison in February of 1969. Morrison then informed him that the statute of limitations had run. Plaintiff's action was filed on March 13, 1969.

In a proper case, estoppel may be applied to prevent a fraudulent or inequitable resort to a statute of limitations. A defendant may, by his representations, promises, or conduct, be so estopped where the other elements of estoppel are present. State Farm Mut. Auto. Ins. Co. v. Budd, 185 Neb. 343, 175 N. W. 2d 621.

Equitable estoppels cannot be subjected to fixed and settled rules of universal application but rest largely on the facts and circumstances of the particular case. National Fire Ins. Co. v. Bruecks, 179 Neb. 642, 139 N. W. 2d 821.

In this case, the evidence is clear that the only possible inducement for delay was a representation that as long as they were negotiating the plaintiff need not worry about the statute of limitations. That representation was made June 13, 1968. It is also clear that the last negotiations were on July 18, 1968, and plaintiff at that time "supposed" the insurance company had ceased negotiating. Almost 5 months went by after that before the bar of the statute finally fell.

Judicial decisions almost uniformly support the proposition that if a plaintiff has ample time to institute his action, after the inducement for delay has ceased to operate, he cannot excuse his failure to act within the statutory time on the ground of estoppel. See Annotation, 24 A. L. R. 2d 1413. Time periods ranging from 6 weeks to 6 months have been held to be ample opportunity under that rule. See, Reat v. Illinois Central R.R. Co., 47 Ill. App. 2d 267, 197 N. E. 2d 860; Krupa v. Kelley, 5 Conn. Cir. 127, 245 A. 2d 886; Bryant v. Bryant (Ky. App.), 246 S. W. 2d 457. Under the circumstances here, a period of approximately 5 months after the inducement for delay ceased to operate and before the statute of limitations expired constituted ample opportunity to sue.

The evidence here fully supports the action of the trial court. The judgment was correct and is affirmed.

: AFFIRMED.