LYNN CURLEY, CONSERVATOR OF THE ESTATE OF DAVID AND GREGORY CURLEY, AND LYNN CURLEY, INDIVIDUALLY, APPELLANT, V. JANICE M. CURLEY, PERSONAL REPRESENTATIVE OF THE ESTATE OF LYLE D. CURLEY, APPELLEE.

336 N.W.2d 103

Filed July 1, 1983. No. 82-817.

Gregory P. Drew, for appellant.

Frank Roubicek, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

McCOWN, J.

This is an action for personal injuries sustained by guest passengers as a result of an automobile accident. The District Court sustained a motion for summary judgment on behalf of the driver of the automobile and the passengers have appealed.

The plaintiff, Lynn Curley, brought this action individually and as conservator of the estates of her husband, David Curley, and her son, Gregory Curley. The defendant, Janice M. Curley, is the widow and personal representative of the estate of Lyle D. Curley, the driver of the automobile.

On August 30, 1981, the plaintiff, her husband David, and her son Gregory were riding in an automobile driven by Lyle Curley, David's father. The automobile was in an intersection collision with another automobile which was approaching from the left and ran a stop sign. Lyle Curley was killed in the accident and plaintiff Lynn Curley, her husband, and her son were all severely injured.

On June 3, 1982, the plaintiff filed a petition alleging that at the time of the accident Lyle Curley was guilty of gross negligence in operating the automobile, in that he failed to have the car under proper control and failed to anticipate that the driver of the other car would not yield the right-of-way. The petition also alleged that Lyle Curley was operating the vehicle while under the influence of medication.

On September 16, 1982, the defendant filed a motion for summary judgment on the ground that the pleadings and affidavits showed as a matter of law that Lyle Curley was not guilty of gross negligence. The motion for summary judgment was heard on

September 27, 1982, and the District Court denied the motion without prejudice to file a new motion for summary judgment based upon newly discovered evidence.

The case was set for jury trial on November 22, 1982, and additional interrogatories were filed and depositions taken. Pretrial conference was set for November 12, 1982. On that date the defendant filed a new motion for summary judgment. The court ordered that the motion be heard on that day. Plaintiff's counsel specifically objected on the ground that the motion did not comply with the 10-day notice requirements and that he had received notice of the motion only a short time before it was to be heard. Counsel also informed the court that he had taken depositions the previous day which could be relevant to the motion for summary judgment but that he did not have the depositions with him because he did not know that a motion for summary judgment was to be argued on that day. The trial court directed plaintiff's counsel to give a "synopsis" of the testimony contained in the depositions. At the close of the hearing the court sustained the defendant's motion for summary judgment. This appeal followed.

The plaintiff contends that the District Court erred in hearing the motion for summary judgment on November 12, 1982, in violation of Neb. Rev. Stat. § 25-1332 (Reissue 1979). That statute provides in part: "The motion [for summary judgment] shall be served *at least ten days before* the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." (Emphasis supplied.)

The evidence in this case is undisputed that the notice provisions of the statute were not complied with and that counsel had no time to present opposing affidavits or evidence. Plaintiff's counsel specifically asserted the statutory provisions in objecting to the immediate hearing on the motion. The hearing and overruling of the previous motion did not re-

move any statutory time requirements for hearing a subsequent motion.

This court has previously noted that the summary judgment procedure is purely statutory and that a motion for summary judgment requires compliance with all the statutory requirements. *Walkenhorst v. Apolius*, 172 Neb. 830, 112 N.W.2d 31 (1961). See, also, *Yunghans v. O'Toole*, 199 Neb. 317, 258 N.W.2d 810 (1977).

In the present case the notice requirements of the statute were not complied with, there was no waiver, and the lack of notice effectively removed the right to present affidavits or evidence. The judgment of the District Court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.