PETER T. SUZUKI AND CAROL J. SUZUKI, APPELLANTS, V. ROGER R. HOLTHAUS AND ROBERT H. PETERSEN, APPELLEES.

375 N.W.2d 126

Filed October 25, 1985.   No. 84-644.

Thomas A. Gleason of Dolan, Davis & Gleason, for appellants.

Michael J. Mooney of McCormack, Cooney, Mooney, Hillman & Pirtle, for appellee Petersen.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is an action for malpractice brought by the plaintiffs, Peter T. Suzuki and Carol J. Suzuki, against Roger R. Holthaus and Robert H. Petersen as defendants. The action was originally filed only against Holthaus. The second amended petition, filed December 18, 1981, added Petersen as a defendant. Petersen's amended answer, filed May 17, 1983, alleged that the action was barred by Neb. Rev. Stat. § 25-222 (Reissue 1979).

The defendants moved for a separate trial as to the issue of the statute of limitations, and, after a trial to the court, the trial court found that the action was barred as to Petersen but not as to Holthaus. The plaintiffs' motion for new trial was overruled and they have appealed. The only issue before the court on this appeal is whether the action was barred as to Petersen.

The action arises out of litigation concerning a real estate contract. In late 1977 the plaintiffs entered into a contract for the purchase of a home located in Elkhorn, Nebraska. The Suzukis were dissatisfied with the property and brought an action against the sellers and the realty company for breach of contract (the underlying action). Petersen agreed to represent the plaintiffs on February 3, 1978, and entered his appearance in the underlying suit on February 27, 1978.

Late in 1978 the Suzukis met another attorney, Roger Holthaus. On January 6, 1979, they retained Holthaus to act as

cocounsel with Petersen in the pending contract action. At that time the realty company, one of the defendants in the underlying action, had filed a motion for summary judgment which was set for hearing on February 27, 1979.

The plaintiffs claim that prior to the hearing on the motion for summary judgment, both attorneys continually reassured them that the motion was without merit, that it was merely a delaying tactic, and that it would be denied by the court. Holthaus attended the hearing on the summary judgment motion and notified the plaintiffs on February 28, 1979, that the court had granted summary judgment in favor of the realty company.

The plaintiffs claim that both attorneys then advised them that the court's decision on the motion for summary judgment was clearly wrong but that the only way to overturn the decision would be to file an appeal and that an appeal would take over a year to process. They authorized the appeal, and Holthaus filed a motion for a new trial on March 7, 1979. Soon thereafter, the plaintiffs decided to continue the appeal pro se and asked both attorneys to withdraw. Petersen was granted leave to withdraw on March 23, 1979. Holthaus was granted leave to withdraw on March 30, 1979.

The motion for a new trial was denied and an appeal was taken to this court. On December 29, 1980, the summary judgment was affirmed. *Suzuki v. Gateway Realty*, 207 Neb. 562, 299 N.W.2d 762 (1980).

On March 11, 1981, the suit against Holthaus alleging professional negligence was filed. On December 18, 1981, a second amended petition was filed, adding Petersen. Both defendants, in amended answers, alleged the action was barred by the statute of limitations. The statute of limitations issue was tried to the court separately on April 16, 1984. The trial court found that the plaintiffs' cause of action accrued on or before February 28, 1979, and was barred as to Petersen because he had not been joined as a defendant until December 1981. It is from the decision concerning Petersen and a denial of their motion for new trial that the plaintiffs have appealed.

Section 25-222 provides:

> Any action to recover damages based on alleged

professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier . . . .

Plaintiffs argue that an appeal defers commencement of the statute of limitations because "[u]p until that point any injury that might have occurred is, at best, speculative, and, at worst, capable of being undone or remedied by a successful appeal." Brief for Appellants at 18-19. Plaintiffs also argue that they could not have discovered their cause of action until final resolution of the underlying case on appeal. However, both of these contentions are contrary to our decision in *Rosnick v. Marks*, 218 Neb. 499, 357 N.W.2d 186 (1984).

Although "the point at which a statute of limitations commences to run must be determined from the facts of each case," *Interholzinger v. Estate of Dent*, 214 Neb. 264, 270, 333 N.W.2d 895, 899 (1983), the principles set out in *Rosnick* govern the application of § 25-222 to the facts in this case and are controlling as to when the plaintiffs' cause of action against Petersen accrued.

In *Rosnick* we held that a professional negligence suit accrues, as the statute sets out, at the time of the act or omission causing injury. This is known as the "occurrence rule," in contrast to the "damage rule" under which a cause of action accrues upon actual or appreciable harm or damage. See *Rosnick v. Marks, supra*.

Nebraska's occurrence rule is tempered by the discovery provision found in § 25-222. Thus, if an act or omission which causes injury is not discovered within 2 years, a plaintiff has 1 year after discovery to file suit. This was the situation in *Rosnick*, but because the plaintiff failed to file the action within the 1-year postdiscovery time limit, the action was barred. The

facts of the present case command a similar result.

In the present case the Suzukis allege that Petersen failed to use reasonable care in the handling of the plaintiffs' claim against the realty company in the underlying action. When the summary judgment motion was granted and the plaintiffs' claim against the realty company was dismissed, any negligence by Petersen in the handling of that matter became actionable. The alleged injury to the plaintiffs had occurred, although it might be determined that their damages were the expense of reversing the judgment. Thus, all of the acts or omissions which could have caused injury occurred on or before February 28, 1979, and the plaintiffs' cause of action accrued on that date.

The plaintiffs cannot now claim that they did not discover or were unaware of the adverse judgment or Petersen's part in the handling of events leading up to that judgment. Furthermore, discovery, as set out in the statute, does not mean final resolution of the underlying case by an appellate court. Although the plaintiffs may not have "discovered" the full extent of their damages on February 28, 1979, "a statute of limitations can be triggered at some time before the full extent of damages is sustained." *Rosnick v. Marks, supra* at 505, 357 N.W.2d at 190. Non-"discovery" of all damages is not the equivalent of nondiscovery of a cause of action as set out in § 25-222.

For these reasons the judgment of the district court is affirmed.

AFFIRMED.