DEMAHR SEAGREN, PERSONAL REPRESENTATIVE OF THE ESTATE OF EVODIA SEAGREN, DECEASED, APPELLANT, V. STEPHEN PETERSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF DUANE K. PETERSON, DECEASED, APPELLEE.

407 N.W.2d 790

Filed June 26, 1987. No. 85-788.

David A. Domina of Domina & Gerrard, P.C., and Mark Behm, for appellant.

Jewell, Gatz & Collins, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Plaintiff, DeMahr Seagren, as personal representative of the estate of Evodia M. Seagren, deceased, filed an action for damages against Duane K. Peterson, who had represented plaintiff, alleging professional negligence for failing to file a federal estate tax return in time. Because of the death of Duane Peterson while this appeal was pending, the action has been revived in the name of the personal representative of his estate, Stephen Peterson.

The district court sustained defendant's motion for summary judgment on the theory that the action was barred under the provisions of Neb. Rev. Stat. § 25-222 (Reissue 1985). Plaintiff on appeal assigns as error the holding by the trial court that the claim was barred by the statute of limitations, and that the court erred in not holding that Peterson was equitably estopped from asserting the statute of limitations as a defense.

In reviewing this case we are bound by the rule that where the pleadings, depositions, admissions, stipulations, and affidavits on file disclose that there is no genuine issue as to any material fact or as to the ultimate inferences to be drawn therefrom, and the moving party is entitled to judgment as a matter of law, summary judgment should be granted. See *Mayer v. Howard*, 220 Neb. 328, 370 N.W.2d 93 (1985).

The record submitted to us discloses without controversy the following: Evodia Seagren died on July 31, 1979; Peterson was employed by the personal representative to act as his lawyer within approximately 3 days after the decedent's death; the Internal Revenue Code required that a federal estate tax return be filed within 9 months of date of death, or by May 1, 1980, and that failure to file on time and to pay the eventual tax subjects the estate to the payment of interest and penalties; Peterson told plaintiff about the 9-month filing requirement and the possible penalty, but that Peterson would take care of all penalties and fines; no estate tax return was ever filed by Peterson; because of Peterson's suspension from the practice of

law on May 27, 1983, he advised plaintiff around June 1, 1983, that he could no longer represent plaintiff, and sent a letter to that effect to the plaintiff; plaintiff employed another attorney to represent him in June of 1983, who told plaintiff that the estate tax return had not been filed and that the tax, together with interest and penalty, would be due; an estate tax return was filed, with letter dated January 24, 1984; and an assessment of penalty and interest, which is the subject of this lawsuit, was made on June 4, 1984, and paid on approximately September 19. The petition in this case was filed on January 28, 1985.

Section 25-222 provides in part:

> Any action to recover damages based on alleged professional negligence . . . shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery . . . .

Our first task in conducting a review in this case is to determine the date of "the alleged act or omission in rendering or failure to render professional services providing the basis for such action."

In *Rosnick v. Marks*, 218 Neb. 499, 507, 357 N.W.2d 186, 191 (1984), "we reaffirm[ed] the rule in Nebraska that a cause of action for malpractice accrues upon the violation of a legal right."

In *Rosnick*, the offending attorney failed to file an amended petition by November 8, 1978, which filing had been ordered by the court. As a matter of fact, he never made the filing. The trial court dismissed the suit on August 26, 1980. Although the client, Rosnick, was unaware of his attorney's failure to comply with the court's order, which was the basis of the cause of action for malpractice, until July 3, 1980, when he engaged another attorney, we nevertheless held that the "alleged act or omission" complained of was the November 8, 1978, omission. Even under the discovery provision and its 1-year extended

limitation found in § 25-222, Rosnick failed to file his action within the additional period after being advised by his new attorney of the earlier failing of his former attorney. Thus, we held that the statute of limitations barred this malpractice suit.

In the present case, the act which constituted the alleged act of malpractice, as stated in plaintiff's petition, was the failure to file an estate tax return by May 1, 1980. This default was not discovered, according to the files and records, until sometime in June of 1983. Therefore, under the discovery extended-limitation portion of § 25-222, plaintiff had until June of 1984 to file his action. The petition was not filed until January 28, 1985, clearly outside the time limit.

Plaintiff's argument that he was not damaged until the penalty and interest were assessed is of no avail. Under the provisions of I.R.C. § 6601 (1982), the assessment of interest is automatic, and it commenced to run on May 1, 1980. I.R.C. § 6651 (1982) imposes a penalty as of the date of default, although for good cause shown it may be forgiven. However, as we stated in *Suzuki v. Holthaus*, 221 Neb. 72, 375 N.W.2d 126 (1985), for the purpose of extending a statute of limitations, discovery does not mean the final resolution of damages; it can be triggered at some time before the full extent of the damages is sustained.

Finally, plaintiff claims that his failure to comply with the statute of limitations may be excused on the ground of estoppel because Peterson assured him several times that he would take care of any interest and penalties. However, it became quite apparent by the time Peterson withdrew from the case in June of 1983 and plaintiff had engaged other counsel that Peterson was not going to make good on his promise. Seven more months went by before the estate tax return was filed, in the latter part of January 1984, and the amount of tax was determined and presumably paid. Plaintiff therefore had approximately an additional 5 months within which to file his action under the 1-year extended limitation.

Judicial decisions almost uniformly support the proposition that if a plaintiff has ample time to institute his action, after the inducement for delay has ceased to operate, he cannot excuse his failure to act within the

statutory time on the ground of estoppel. . . . Time periods ranging from 6 weeks to 6 months have been held to be ample opportunity under that rule.

*Luther v. Sohl*, 186 Neb. 119, 122, 181 N.W.2d 268, 270 (1970). See, also, *MacMillen v. A. H. Robins Co.*, 217 Neb. 338, 348 N.W.2d 869 (1984). Estoppel has no application in this case.

The judgment of the district court was correct and is affirmed.

AFFIRMED.