GARY C. FRERICHS AND DIANE L. FRERICHS, HUSBAND AND WIFE, APPELLANTS, V. NEBRASKA HARVESTORE SYSTEMS, INC., AND A.O. SMITH HARVESTORE PRODUCTS, INC., APPELLEES.

410 N.W.2d 487

Filed August 14, 1987.   No. 85-727.

Law Offices of Robert M. Cook, and Michael T. Brogan of Brogan & Stafford, P.C., for appellants.

David A. Domina of Domina & Gerrard, P.C., and David H. Ptak of Ptak & Schukei, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Plaintiffs-appellants, Gary C. and Diane L. Frerichs, husband and wife, brought this action in the district court for Cedar County, Nebraska, seeking damages from defendants-appellees, Nebraska Harvestore Systems, Inc., a Nebraska corporation, and A. O. Smith Harvestore Products, Inc., a Delaware corporation, in connection with the purchase of a model 2033 Harvestore grain silo systemized with an attached feeder, for the purposes of storing high-moisture corn and feeding it to dairy animals. Plaintiffs' petition was filed December 16, 1982. Their fourth amended petition, filed May 1, 1985, set out three "causes of action" seeking damages. As will be seen, these "causes of action" are differing theories of recovery, but they will be treated herein as pled.

The first cause of action pled breach of express and implied warranties. It was alleged that defendants had warranted to plaintiffs that the Harvestore storage feeder system would produce 50 pounds of milk per day per cow; that the system was suitable for use by the plaintiffs; and that the defendants would stand behind the system, install it correctly, and make plaintiffs' dairy operation more efficient and profitable. The second cause of action alleged negligence of the defendants in the design and installation of the system as well as the failure to properly test the system or to warn the plaintiffs of the dangerous characteristics of the system. The third cause alleged fraud of defendants in advising plaintiffs that the Harvestore

storage feeder system was safe, efficient, and profitable for plaintiffs' use; would give more production per animal; was oxygen limiting and was superior to concrete structures; and would prevent spoilage of feed. Plaintiffs sought damages of $363,000 on each cause of action.

After the overruling of defendants' demurrers, each filed a separate answer generally denying the allegations of the fourth amended petition and alleging that the statute of limitations had run as to all of plaintiffs' causes of action.

On May 10, 1985, the matter was set for jury trial to begin August 6. On August 5 the court partially sustained defendants' motion in limine and reversed an earlier order of the court which had denied defendants' motions for partial summary judgment. The court then granted partial summary judgment as to plaintiffs' claim as to implied warranty, set out in the first cause of action, and as to negligence, set out in the second cause of action. The court's order stated the evidence conclusively showed the statute of limitations had run on these causes of action.

The matter proceeded to trial on plaintiffs' claims of express warranty and fraud. On the day of the trial plaintiffs moved for a continuance, advising the court that as a result of the granting of defendants' motion, plaintiffs were "surprised and severely prejudiced." This motion was overruled and plaintiffs were directed to proceed with the trial. Plaintiffs elected to stand on their motion for continuance. A jury was selected over plaintiffs' continuing objection. After plaintiffs refused to make an opening statement, defendants made an opening statement. The court then directed plaintiffs "to call your first witness." Counsel for plaintiffs then stated before the jury that "the plaintiffs, at this time, are unable to offer any evidence and therefore regretfully and respectfully rest." Defendants then moved for a directed verdict. Defendants' motion was sustained, and the district court dismissed plaintiffs' fourth amended petition.

Plaintiffs timely appealed to this court, assigning as error that the trial court erred in granting partial summary judgment and determining the statute of limitations had run on plaintiffs' first and second causes of action, in granting such motion sua

sponte after initially overruling the motion, in sustaining defendants' motion in limine and motion for directed verdict, and in failing to sustain plaintiffs' posttrial motions. For the reasons hereafter stated, the judgment of the district court for Cedar County is affirmed in part and reversed in part.

The pertinent procedural background in the record before us shows the following. On May 10, 1985, the trial court continued the trial, which had been set for May 20, and set the case for trial on August 6. On May 8, 1985, defendant Nebraska Harvestore had filed its motion for partial summary judgment, seeking judgment on plaintiffs' first cause of action (breach of warranty) and third cause of action (fraud). A motion seeking the same relief was filed by defendant A. O. Smith on May 28, 1985.

A hearing was held on the defendants' motions for partial summary judgment on June 7, 1985. On July 30, 1985, the court found that genuine fact issues existed and overruled defendants' motions for partial summary judgment.

In the meantime, on July 17, 1985, defendants had filed a motion in limine seeking to exclude certain evidence listed generally in 14 paragraphs in the motion.

On August 2, 1985, a hearing was held on defendants' motion in limine. Defendants submitted six exhibits in support of their motion. Counsel for plaintiffs then inquired if plaintiffs' exhibits should be offered in evidence and informed the court that 527 exhibits had been submitted to the bailiff to be marked. Plaintiffs then offered "[e]xhibits 1 through 527 of the plaintiffs' case because it is only by reference to all of those items that this Court may reach a determination as to whether that evidence of the evidence as suggested by Mr. Domina would be properly excluded."

Defendants' exhibits 1 through 6 and plaintiffs' exhibits 7 through 13 (apparently with reference to the motion in limine) were received, and exhibits 1 through 527 were offered in opposition to the motion in limine and were "rejected." The motion was taken under advisement. Different exhibits 1 through 12 had previously been received at the June 7, 1985, hearing on defendants' motions for partial summary judgment.

It is at this point that we should note the wisdom (at least in this case) of Neb. Ct. R. of Prac. 5F(3) (rev. 1986), which provides in part: "Exhibits are to be marked in numerical order, irrespective of the party producing them." In this case, at this point, we are faced with 12 exhibits, numbered 1 to 12, on defendants' motions for partial summary judgment; 13 exhibits, numbered 1 to 13, submitted on defendants' motion in limine; and 527 exhibits, numbered 1 to 527, in response to defendants' motion in limine. To say the least, accurate references to exhibits numbered below 13 are difficult.

On August 5, 1985, the court informed the parties that "I find that I was in error in overruling the motion for summary judgment that insofar as it relates to the issue of statute of limitations on the implied warranty theory of the plaintiffs." After the court directed defendants' counsel to prepare a journal entry, the following colloquy occurred:

MR. COOK [plaintiffs' counsel]: May I have one point of clarification.

THE COURT: Yes.

MR. COOK: With respect to the reversal on the summary judgment, would that also go, may I inquire of the Court, to negligence?

THE COURT: It would.

MR. COOK: May I ask that the Court include that. I have to explain to my clients exactly what we have left.

THE COURT: Surely. I think what you have left is any express warranty that go to future performance of the —

MR. COOK: The Court's order this morning excludes implied warranty as well as negligence?

THE COURT: I will so state. I will reverse myself on the motion for summary judgment relating to the statute of limitations on the negligence claim. I find that there is no genuine issue as to any material fact and that as a matter of law the defendants are entitled to judgment on the negligence claim set forth in plaintiffs' fourth amended petition, for the reason that more than four years have elapsed since the system was placed in use on July 31, 1978 by the plaintiff and the filing of this action on December 16, 1982.

The trial court after reconsideration thus granted, in part, defendants' motions for partial summary judgment after determining that there was no dispute as to any material fact and that defendants were entitled to judgment as a matter of law on the fact that the statute of limitations had run on plaintiffs' implied warranty theory. The court also granted summary judgment for defendants on plaintiffs' negligence theory. Plaintiffs contend that the applicable statute of limitations had not run and in any event it was error for the court to reverse its earlier order denying defendants' motion for summary judgment because such action constituted a ruling, sua sponte, on defendants' motion for summary judgment. Plaintiffs contend such action is beyond the jurisdiction of the trial court.

Compounding the problem before us is the fact (not mentioned in the parties' briefs) that defendants made no motion seeking partial summary judgment as to plaintiffs' second cause of action alleging negligence. As set out above, defendants did specifically seek partial summary judgment as to plaintiffs' first cause of action (breach of warranty) and third cause of action (fraud).

We consider that the question as to the court's granting a partial summary judgment on the negligence issue is before us because, although plaintiffs have not specifically addressed the question of how their negligence theory was ruled on when there was no motion addressing that issue, plaintiffs have assigned the following error: "Whether a District Court commits an abuse of discretion by granting a partial summary judgment in favor of a party sua sponte."

Insofar as that assignment is directed to the question whether a district court may reverse its order without the filing of a new motion, the contention is without merit. A trial court may modify or vacate its judgments within the term of court, but the power to do so rests in the sound legal discretion of the court. *Sargent Feed & Grain Co. v. Anderson*, 216 Neb. 421, 344 N.W.2d 59 (1984). Such discretion must be exercised reasonably and not arbitrarily, depending upon the facts and circumstances as shown by the record. *Gutchewsky v. Ready Mixed Concrete Co.*, 219 Neb. 803, 366 N.W.2d 751 (1985). The record shows

the trial court vacated its earlier order overruling the motions for summary judgment because the trial court determined, after further reflection, that the evidence conclusively showed the applicable statute of limitations as to implied warranty had run. We find no abuse of the trial court's discretion in correcting an earlier order that the court determined was conclusively shown to be incorrect.

The problem of the exercise of the court's discretion in disposing of plaintiffs' cause of action alleged under a negligence theory by way of summary judgment is different. It is true that possible disposition of plaintiffs' negligence claim was injected into the case by plaintiffs in the colloquy set out above. It is also clear, however, that no motion had been made by either defendant as to summary judgment on plaintiffs' negligence claim. The court in disposing of the negligence theory was not acting on a motion submitted and did not have the benefit of an adversary hearing on that issue. Examination of the fourth amended petition shows there may be issues as to alleged negligent acts which might have occurred after July 31, 1978. The court was acting "sua sponte" in the truest sense and was not, as with the motion for summary judgment based on implied warranty, acting to correct a ruling on a motion that had been properly submitted.

We have stated "that the summary judgment procedure is purely statutory and that a motion for summary judgment requires compliance with all the statutory requirements." *Curley v. Curley*, 214 Neb. 780, 783, 336 N.W.2d 103, 105 (1983). There is a clear difference in changing a ruling on a motion properly filed and submitted and in ruling on a motion never made. A court may not enter a summary judgment on an issue not presented by the pleadings. Accordingly, the cause must be remanded for further proceedings on plaintiffs' claim of negligence only.

With regard to plaintiffs' assignment of error on the merits of the court's ruling on the issue of implied warranty, we find the plaintiffs' contention in that regard is without merit. We have held that the purpose of summary judgment is to pierce sham pleadings and dispose of cases where there is no genuine claim or defense. *Draemel v. Rufenacht, Bromagen & Hertz,*

*Inc.*, 223 Neb. 645, 392 N.W.2d 759 (1986). A motion for summary judgment should be granted if the pleadings, depositions, admissions, and affidavits, if any, show that there is no genuine issue as to any material fact or as to the ultimate inferences to be drawn from such facts and that the moving party is entitled to judgment as a matter of law. The rules as to the granting of summary judgment have been applied to determinations as to the running of the applicable statutes of limitations. *Seagren v. Peterson,* 225 Neb. 747, 407 N.W.2d 790 (1987).

To determine whether the partial summary judgment was appropriate in the case at bar we must determine if there is any genuine dispute as to facts showing that the statute of limitations has run on plaintiffs' breach of implied warranty claim. When the statute of limitations begins to run must be determined from the facts of each case. Generally, a cause of action accrues and the statute begins to run when the aggrieved party has the right to institute and maintain a suit even though the plaintiff may be ignorant of the existence of such cause of action. *Mangan v. Landen,* 219 Neb. 643, 365 N.W.2d 453 (1985). Neb. U.C.C. § 2-725(1) (Reissue 1980) provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Section 2-725(2) further provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . . ." See *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979).

In the case at bar, the record clearly shows without dispute that the Harvestore storage feeder system about which plaintiffs complain was purchased in May of 1978 and placed in use on July 31, 1978. Plaintiffs' original petition in this matter was filed on December 16, 1982, more than 4 years after tender of delivery was made. In the deposition of plaintiff Gary Frerichs, plaintiff stated, with regard to a decline in milk production, that the decline was probably "five pounds in the first two months, five pounds per cow." There was no factual dispute about the time of the discovery of the alleged breach.

Plaintiffs complained about the system within 2 months of its installation. It was not error for the district court to grant summary judgment as to plaintiffs' cause of action based on breach of implied warranty.

Plaintiffs' next assignment of error is "[w]hether the District Court abused its discretion by granting a Motion in Limine, thereby excluding evidence on the basis of an asserted lack of foundation or basis in fact for such evidence." To set out such a statement is to demonstrate its fallacy. A motion in limine is not to be used to obtain a final ruling on the ultimate admissibility of evidence. As stated in *State v. Tomrdle*, 214 Neb. 580, 585, 335 N.W.2d 279, 283 (1983):

> A motion in limine is a procedural step to prevent prejudicial evidence from reaching the jury. Cf. *State v. Bennett*, ____ R.I. ____, 405 A.2d 1181 (1979). As explained in *Lagenour v. State*, 268 Ind. 441, 450, 376 N.E.2d 475, 481 (1978): "[I]t is not the office of a motion *in limine* to obtain a final ruling upon the ultimate admissibility of evidence . . . but is rather to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself." As noted in *Twyford v. Weber*, 220 N.W.2d 919, 923 (Iowa 1974): "It [the motion in limine] serves the useful purpose of raising and pointing out before trial certain evidentiary rulings the court may be called upon to make during the course of trial. . . . It is not a ruling on evidence and should not, except on a clear showing, be used to reject evidence. It adds a procedural step to the offer of evidence."

In this case it appears that defendants were trying to limit evidence generally on the basis such evidence is irrelevant, or circumstantial, or without foundation. A shotgun approach in marking 527 exhibits is submitted as a defense to a shotgun motion in limine with 14 paragraphs. The trial court informed the parties that the disposition of defendants' motion was not to be controlled by "a mini trial of the issues." The court "rejected" plaintiffs' 527 exhibits in that connection.

The ruling on defendants' motion in limine is not reviewable in the procedural context of this case. There was literally nothing before the court to rule on with regard to evidence. There was no evidence offered by plaintiffs at the trial. There was no offer of proof of any fact the plaintiffs wished to submit to the jury. The only possible ruling the court could make after plaintiffs rested without adducing evidence was to grant defendants' motion for directed verdict.

A further question to be considered is that raised by plaintiffs when they allege that the trial court abused its discretion by failing to grant plaintiffs a continuance of the trial as the trial began on August 6, 1985.

With regard to the court's failure to grant plaintiffs' motion for continuance, it is the law in Nebraska that a motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal absent a showing of abuse of that discretion. *State ex rel. Douglas v. Schroeder*, 222 Neb. 473, 384 N.W.2d 626 (1986); *First Nat. Bank v. Schroeder*, 222 Neb. 330, 383 N.W.2d 755 (1986). In the case at bar, the court did not abuse its discretion in denying plaintiffs' motion for a continuance. When the trial began, plaintiffs had pending causes of action for fraud and for express warranty. This matter had been set for trial since May 1985, and the plaintiffs should have been able to proceed on the fraud and express warranty theories even though their other theories were dismissed by the summary judgment ruling. The plaintiffs elected to stand on their motion for continuance and refused to adduce any evidence. If plaintiffs were ready to try an action in which they alleged four theories of recovery, they certainly had to be ready to try their case presenting two theories of recovery. It was plaintiffs' own refusal to put on evidence which prevented them from proceeding, not the action of the court. The trial court did not err in refusing to grant plaintiffs a continuance.

Plaintiffs' final assignment of error alleges the district court abused its discretion in failing to sustain plaintiffs' posttrial motions for new trial, to reconsider the motion in limine, and to review the partial summary judgment. After a review of the record and in light of our finding there was no abuse of

discretion in the court's ruling on the motion in limine, on the motions for partial summary judgment, and on the implied warranty claim, we find no abuse in the court's failure to grant plaintiffs' posttrial motions. The trial court did not err in denying plaintiffs' posttrial motions.

The summary judgment entered in defendants' favor on the negligence issue is reversed and the cause remanded for further proceedings on that issue only. The judgments of the trial court in all other respects are affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.