BRANDON MABILE, APPELLEE, V.
DRIVERS MANAGEMENT, INC., APPELLANT.
660 N.W.2d 537

Filed April 29, 2003. No. A-02-901.

Raymond P. Atwood, Jr., and Eric B. Brown, of Atwood & Associates Law Firm, P.C., L.L.O., for appellant.

Maureen A. Fitzgerald for appellee.

HANNON and MOORE, Judges, and BUCKLEY, District Judge, Retired.

MOORE, Judge.

## INTRODUCTION

The Nebraska Workers' Compensation Court entered an order of dismissal, without prejudice, of the petition of Brandon Mabile. Drivers Management, Inc. (DMI), appealed to the three-judge review panel of the Nebraska Workers' Compensation Court, seeking elimination of the "without prejudice" clause of the order of dismissal. DMI appeals from the order of reversal and remand on review entered by the review panel. For the reasons stated herein, we reverse, and remand with directions to affirm the decision of the trial court as modified by this opinion.

## BACKGROUND

Mabile filed a petition with the workers' compensation court on November 20, 2000, alleging that he was injured in an accident on October 27 arising out of and in the course of his employment with DMI. DMI answered and denied that Mabile sustained an accident during the course of his employment. Trial was held on December 18, 2001. At the commencement of the trial, after the marking and receipt of exhibits, the parties advised the court that they had reached four stipulations, which were read into the record. These stipulations were as follows:

> [1.] [Mabile] was employed by [DMI] on October 27, 2000, as a driver.
>
> [2.] [O]n October 29th, 2000, [Mabile] suffered a fractured ankle in a nonwork-related activity.
>
> [3.] [Mabile] returned to work with [DMI] from January 5th, 2001, to January 17th, 2001.
>
> [4.] [T]he only doctor in the records who addresses medical causation for injuries alleged in the petition is Dr. McGowin on July 26th of 2001. And that report is found [at] and . . . comprises Exhibit 11 . . . .

Immediately after the recitation of the stipulations, DMI orally moved for summary judgment on the basis of causation. DMI's counsel argued that pursuant to the stipulation, the only medical record that addresses causation was exhibit 11, which failed to establish a causal connection between the injury and

the claimed disability. There was no objection to this oral motion by Mabile's counsel. After the court questioned counsel for DMI why a motion had not been previously filed, both parties' counsel advised the court that Mabile was attempting to get further medical evidence gathered to establish causation, but that such evidence had not become available for trial. Mabile's counsel then agreed that exhibit 11 was the only and best piece of evidence in support of causation in the record. The court then took a brief recess to review the exhibit. Exhibit 11 is a letter, dated July 26, 2001, from J.F. McGowin III, an orthopedic surgeon, to Mabile's counsel, which states, in pertinent part:

> I first saw . . . Mabile on March 7, 2001. His history related onset of back symptoms on the job in October, 2000. He was treated by Dr. Grant Baldwin from that time until his March visit with me. I would defer to Dr. Baldwin with respect to the relationship of back problems to work. These type[s] [of] injuries and symptoms can occur both with on the job injuries and simply with normal living.

After the recess, the court announced that it was sustaining the motion for summary judgment, based on the stipulation of the parties that exhibit 11 is the only evidence addressing causation. The court directed DMI's counsel to prepare an order. The order of dismissal entered by the court on January 9, 2002, provides, in pertinent part, that DMI's "motion for summary judgment is hereby SUSTAINED and the Petition of [Mabile] is hereby DISMISSED without prejudice to the refiling of the same." The language "without prejudice to the refiling of the same" is handwritten (the balance of the order is typewritten) and is initialed by the trial judge.

DMI filed an application for review alleging that the trial court erred in dismissing Mabile's petition without prejudice to refiling of the same and sought a modification of the order to delete the notation "without prejudice to the refiling of the same" or, alternatively, that the case be remanded to the trial court for entry of an order dismissing the petition with prejudice.

The review panel entered an order of reversal and remand on review on June 28, 2002. In its order, the review panel noted that in oral argument, Mabile's counsel asserted that it was error for the trial court to consider the motion for summary judgment

because the statutory requirements had not been complied with. The review panel cited the case *Curley v. Curley*, 214 Neb. 780, 336 N.W.2d 103 (1983), for the propositions that " 'the summary judgment procedure is purely statutory and that a motion for summary judgment requires compliance with all the statutory requirements' " and the case *Walkenhorst v. Apolius*, 172 Neb. 830, 112 N.W.2d 31 (1961), for the proposition that " '[a] motion for summary judgement does require compliance with all statutory requirements, <u>and this compliance would preclude an oral motion</u>.' " (Emphasis in review panel's order.) On the basis of these cases, the review panel found that it was error for the trial court to consider DMI's oral motion for summary judgment and ordered that the order of dismissal be reversed and the matter remanded for trial. DMI appeals.

## ASSIGNMENTS OF ERROR

DMI alleges, renumbered and restated, that the review panel erred in the following respects: (1) in considering the trial court's summary judgment procedure, because (a) Mabile did not object to the oral motion, thereby waiving any defect in the procedure, and (b) Mabile did not appeal the dismissal of the petition, file an application for review with the review panel, or assign any errors on appeal; (2) in finding that the trial court's summary judgment procedure was erroneous; and (3) in failing to find that any infirmities in the trial court's summary judgment procedure were harmless error, as DMI would be entitled to an order of dismissal after a full trial due to the lack of evidence of medical causation at trial. DMI also assigns error to the trial court's dismissal of Mabile's petition *without prejudice* after sustaining DMI's motion for summary judgment.

## STANDARD OF REVIEW

An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Zavala v. ConAgra Beef Co.*, 265 Neb. 188, 655 N.W.2d 692 (2003). An

appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Green v. Drivers Mgmt., Inc.*, 263 Neb. 197, 639 N.W.2d 94 (2002).

## ANALYSIS

*Consideration of Summary Judgment Procedure.*

DMI argues that the review panel erred in even considering the trial court's ruling on DMI's oral motion for summary judgment, because Mabile did not object to the procedure at the time DMI made the motion and because he did not appeal the dismissal of his petition, file a cross-appeal to the review panel, or assign any error on appeal to this court. The Workers' Compensation Court, at the court's option, may notice plain error not assigned. Workers' Comp. Ct. R. of Proc. 16C(1)d (2002). Regardless of whether Mabile objected to the oral motion for summary judgment or failed to assign error concerning the procedure to the review panel or this court, rule 16 clearly gives the review panel the authority to note plain error at its discretion. Therefore, we find no merit to DMI's first assignment of error.

*Summary Judgment Procedure.*

DMI next argues that the review panel erred in finding that the trial court's procedure, in granting the oral motion for summary judgment, was erroneous.

Neb. Rev. Stat. § 48-162.03 (Reissue 1998) provides in relevant part:

> (1) The Nebraska Workers' Compensation Court or any judge thereof may rule upon any motion addressed to the court by any party to a suit or proceeding, including, but not limited to, motions for summary judgment or other motions for judgment on the pleadings . . . .
>
> . . . .
> (3) If notice of a motion is required, the notice shall be in writing and shall state: (a) The names of the parties to the action, proceeding, or dispute in which it is to be made; (b) the name of the judge before whom it is to be made; (c) the time and place of hearing; and (d) the nature and terms of the order or orders to be applied for. Notice shall be served a reasonable time before the hearing as provided in the rules of the compensation court.

The Nebraska Workers' Compensation Court requires that pleadings be filed with the clerk of the court and that pleadings, including motions, be served upon each of the parties. See Workers' Comp. Ct. R. of Proc. 2 and 3 (2002). Rule 3B(1) further provides, "Except as otherwise provided by law, any motion or similar filing in which a hearing is requested shall be in writing and filed with the Clerk not less than five days prior to hearing except by permission of the trial judge." In other civil actions, Neb. Rev. Stat. § 25-1332 (Reissue 1995) requires, in relevant part, that a motion for summary judgment be served at least 10 days before the time fixed for the hearing thereon.

Cases interpreting the notice requirements under § 25-1332 are helpful to our analysis of the summary judgment procedure in the Workers' Compensation Court. As noted by the review panel, in *Curley v. Curley*, 214 Neb. 780, 336 N.W.2d 103 (1983), the Nebraska Supreme Court held that the district court erred in hearing a motion for summary judgment where the notice provisions of the statute were not complied with. In *Walkenhorst v. Apolius*, 172 Neb. 830, 112 N.W.2d 31 (1961), the Nebraska Supreme Court held that an oral motion for summary judgment does not comply with the statutory requirements.

In *Metropolitan Utilities Dist. v. Fidelity & Deposit Co.*, 200 Neb. 635, 264 N.W.2d 854 (1978), the plaintiff alleged that the district court erred in granting the defendant's motion for summary judgment because the hearing on the motion was held fewer than 10 days after the motion was filed, in contravention of § 25-1332. The Nebraska Supreme Court held that the dialog and actions of the plaintiff's counsel constituted a waiver of his objection to a motion for summary judgment not timely heard. Although the party opposing the summary judgment in *Metropolitan Utilities Dist.* initially objected to the motion as untimely, that party proceeded to discuss the motion and offer exhibits and did not persist in arguing its objection. See, also, *Moore v. Eggers Consulting Co.*, 252 Neb. 396, 562 N.W.2d 534 (1997) (although procedure not challenged on appeal, trial court sustained oral motion for summary judgment after opposing counsel waived statutory 10-day notice).

In the instant case, it is clear from the record that DMI did not comply with the statutory requirements of a motion for

summary judgment as set forth in either § 48-162.03 or § 25-1332. The question then becomes whether Mabile waived the statutory compliance otherwise required for a summary judgment motion. When the oral motion was made by counsel for DMI, the court questioned why a motion had not been previously filed. Rather than object to the oral motion or the lack of proper notice, Mabile's counsel joined in a discussion with the court and counsel for DMI about Mabile's inability to gather other medical evidence regarding causation. Mabile's counsel agreed that exhibit 11 was the only, and best, evidence to establish causation between Mabile's alleged work-related injury and his alleged disability. Mabile's counsel did not object to the court's taking a recess to review exhibit 11 in order to rule on the motion for summary judgment. We conclude that Mabile's dialog and actions at the time the motion was made constituted a waiver of any objection to the oral motion and lack of proper notice. Therefore, we conclude that the review panel erred in finding that the trial court's summary judgment procedure was erroneous, in light of Mabile's failure to object to the motion on procedural grounds.

*Harmless Error—Summary Judgment Procedure.*
DMI alleges that the review panel erred in not determining that any noncompliance with proper summary judgment procedure in the trial court was harmless because DMI would be entitled to an order of dismissal after a full trial due to the lack of evidence of medical causation. In light of our conclusion above, it is unnecessary for us to address this issue. See *Rush v. Wilder*, 263 Neb. 910, 644 N.W.2d 151 (2002) (appellate court is not obligated to engage in analysis which is not needed to adjudicate case and controversy before it). We do note, however, that given the lack of medical causation evidence, DMI would likely have been entitled to a directed verdict or judgment on the pleadings after the submission of the case by Mabile. See *Hammelman v. Dreesen Enters.*, 6 Neb. App. 564, 575 N.W.2d 176 (1998) (to recover compensation benefits, injured worker is required to prove by competent medical testimony causal connection between alleged injury, employment, and disability).

*Dismissal of Petition "Without Prejudice."*

Lastly, DMI argues that the trial court erred in dismissing Mabile's petition *without prejudice* after sustaining DMI's motion for summary judgment.

 Summary judgments, judgments on directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of res judicata, while dismissals on technical procedural grounds are generally not on the merits. *Cole v. Clarke*, 10 Neb. App. 981, 641 N.W.2d 412 (2002). Res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *In re Interest of Marcus W. et al.*, 11 Neb. App. 313, 649 N.W.2d 899 (2002).

In the instant case, the trial court dismissed Mabile's petition "without prejudice to the refiling of the same" while at the same time determining, as a matter of law, that DMI was entitled to have its motion for summary judgment sustained. Based upon the above-stated principles, it was error for the trial court to dismiss Mabile's petition "without prejudice," because DMI's summary judgment's being granted on the merits of the case bars relitigation of the same issue. Therefore, we reverse, and remand to the review panel with directions to affirm the decision of the trial court as modified to make the dismissal of Mabile's petition with prejudice.

## CONCLUSION

We conclude that the review panel did not err in noting what it believed to be plain error in connection with the trial court's summary judgment procedure. However, the review panel did err in determining the trial court's summary judgment procedure to be erroneous, in light of Mabile's waiver of any objection to such procedure. Lastly, we conclude that the trial court erred is dismissing Mabile's petition "without prejudice" after DMI was granted summary judgment based upon the merits of the case.

REVERSED AND REMANDED WITH DIRECTIONS.