Joseph **LABIT**, Plaintiff-Appellant,

v.

**SANTA FE MARINE, INC., et al.,**
**Defendants-Appellees.**

**No. 75-2988**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1976.
Rehearing Denied March 1, 1976.

---

**2.** *United States v. Noland,* 5th Cir. 1974, 495 F.2d 529, cert. den., 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Timothy C. Ellender, Houma, La., for plaintiff-appellant.

Joseph L. Waitz, Houma, La., for defendants-appellees.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

Joseph Labit was injured while working for Santa Fe Marine, Inc. on an offshore floating drilling vessel. In his Jones Act[1] suit, a jury found that Santa Fe Marine was negligent and that Labit was 50% contributorily negligent, and it assessed the value of his injury at $15,000.[2] Labit's timely motion for a new trial was denied, and he now appeals from the judgment of the district court. He assigns as error the following points: (1) the evidence was insufficient to justify the jury's finding of contributory negligence; (2) the district court erred in failing to grant a new trial because of the grossly inadequate size of the jury's award; and (3) the district court erred in failing to give his requested jury instruction with regard to the defendant's nonproduction of an employee-witness. We have considered the facts and law applicable to the first two issues and find them to be without merit. Such choices as these represent are normally for the jury, and there was evidence firmly supporting the choices made here. The third complaint is likewise meritless, but we think it appropriate to discuss the relevant facts and law as to it in some detail in order to provide guidelines for future trials.

At trial, Labit requested a form of the "missing witness" instruction.[3] This requested instruction was aimed at the defendant's failure to call Donald R. Northern. Northern worked for Santa Fe Marine as a "driller," and he was in charge of the three-man group in which Labit was working at the time of his injury. Labit took Northern's deposition prior to trial, and Northern was present in the courthouse for the entire trial because he was listed as a witness by the plaintiff. Moreover, Labit's attorney was allowed to comment in closing argument on Santa Fe Marine's failure to call Northern.

---

1. 46 U.S.C. § 688.

2. The jury also found against Labit on his pendent claim that the vessel was unseaworthy.

3. The requested charge was:

    If a party fails to call a person who possesses knowledge about the facts in question

Under these circumstances, it was not error to refuse the requested instruction. In this circuit, any inference from a party's failure to call a witness equally available to both parties is impermissible. *E. g., United States v. Chapman,* 435 F.2d 1245 (5th Cir. 1970), *cert. denied,* 402 U.S. 912, 91 S.Ct. 1392, 28 L.Ed.2d 654 (1971). While our cases indicate that "equal availability" in the context of this principle refers to something more than physical accessibility,[4] they do not require the district court to articulate the reasons for its refusal to permit the inference.[5] Factors showing that Northern was "equally available" in the context of a suit by an injured employee against a mutual employer are Northern's relatively subordinate status,[6] the fact that Northern was physically present at trial,[7] and the fact that plaintiff had Northern's testimony available in deposition form. Furthermore, we note that the requested instruction did not follow the form approved in this circuit, which specifically identifies the potential witnesses to which the inference is appropriate.[8]

 The propriety of giving a "missing witness" instruction is necessarily a matter committed to the discretion of the trial judge. *See Burgess v. United States,* 142 U.S.App.D.C. 198, 440 F.2d 226, 234 (1970) (Fahy, J.). Refusal of the instruction in this case was a permissible exercise of that discretion.

Affirmed.

---

and who is reasonably available to him and who is not equally available to the other party, then you may infer that the testimony of that witness is unfavorable to the party who could have called him and did not.

4. *United States v. Chapman, supra; McClanahan v. United States,* 230 F.2d 919 (5th Cir.), *cert. denied,* 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47 (1956).

5. *Compare East-West Towing Co. v. National Marine Service, Inc.,* 417 F.2d 1274 (5th Cir. 1969) *with Stewart v. United States,* 135 U.S. App.D.C. 274, 418 F.2d 1110, 1114–15 (1969).

6. We adopt the reasoning of *Felice v. Long Island R.R. Co.,* 426 F.2d 192, 195 n. 1 (2d Cir.) (Friendly, J.), *cert. denied,* 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1970):

Whatever might be the case in an action by a third party against the employer, we see no factual basis in this day and age for thinking that, in the absence of evidence of personal hostility, a subordinate employee would be more favorable to a corporate employer than to a fellow-worker.

If other circuits still hold to the position that the employee-employer relationship automatically makes the employee more available to the employer, *see Illinois Central R.R. Co. v. Staples,* 272 F.2d 829, 833–34 (8th Cir. 1959), we reject their position.

7. *See Burch v. Reading Co.,* 140 F.Supp. 136, 157 (E.D.Pa.1956), *affirmed,* 240 F.2d 574 (3d Cir. 1957). Of course, this factor is not determinative. *See* cases cited note 4 *supra.*

8. *See United Broadcasting Co. v. Armes,* 506 F.2d 766, 770 (5th Cir.), *cert. denied,* 421 U.S. 965, 95 S.Ct. 1953, 44 L.Ed.2d 452 (1975).

