Linda S. McQuaig, wife of/and, Jacque M. McQUAIG, Plaintiffs-Appellants,

v.

George McCOY, Defendant-Appellee.

No. 86–3182
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1987.

Russell A. Solomon, DeRussy, Bezou & Matthews, New Orleans, La., for plaintiffs-appellants.

William J. O'Hara, III, Lemann, O'Hara & Miles, New Orleans, La., Jack A. Quarles, Jr., Gretna, La., for defendant-appellee.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

In this appeal, Jacque and Linda McQuaig argue that the district court erred in two pretrial rulings and two rulings during the trial. One pretrial ruling excluded certain evidence, while the other permitted the testimony of two witnesses. They also argue that a statement by one of the witnesses constituted grounds for a mistrial, which the court denied. The McQuaig's fourth argument concerns the propriety of the district court's failure to sustain their objection to an argument made during the trial by the defendant, George McCoy. For the reasons set forth below, we affirm the district court's rulings.

## I.

These evidentiary issues result from a suit instituted by the McQuaigs after Jacque McQuaig was arrested by McCoy, a Louisiana State Police officer, on suspicion of driving while intoxicated (DWI). The McQuaigs and a friend, Kita Macon, had gone to eat dinner at a nearby restaurant. During the wait for a table and while eating, all three drank some alcoholic beverages.[1] After the meal, en route to Macon's home, McCoy stopped Jacque McQuaig for speeding. Although the facts are somewhat disputed,[2] McQuaig was eventually told he was arrested for suspicion of DWI. He was taken to the New Sarpy, Louisiana, sub-office lock-up.

Upon arrival at the lock-up, McCoy radioed into the station for assistance with the prisoner. Doug Carter, a deputy with the St. Charles Parish Sheriff's office, responded; both officers escorted McQuaig into the facility. Carter later testified at trial that McQuaig stumbled when exiting the patrol car, and he noticed a strong odor of alcohol on McQuaig's body, and once inside the lock-up when McQuaig was unhandcuffed, he also staggered and stumbled. Finally, Carter testified that he noticed McQuaig's speech was slurred.

While in the New Sarpy lock-up, a third officer, Corporal Levi Harding of the St. Charles Parish Sheriff's office, also observed McQuaig. This officer later testified that McQuaig's speech pattern was slurred.

Following McQuaig's arrest, he filed a complaint with the Louisiana State Police. The state police Internal Affairs Section conducted an investigation. Pursuant to this investigation, two officers issued a report describing the events based on interviews with the McQuaigs, Macon, and McCoy; the report concluded with the investigators' opinions of McCoy's actions. In the investigators' view, McCoy was capricious and prejudicial in his arrest of McQuaig, but they could not totally substantiate the allegation of "false arrest" and therefore did not sustain it.

The McQuaigs also instituted suit against McCoy seeking damages for false arrest and false imprisonment. They alleged that McCoy arrested McQuaig without probable cause, and that Mrs. McQuaig's constitutionally protected civil rights were violated. Pursuant to a pre-

---

**1.** The amount of alcoholic beverages consumed was not great. There is some evidence in the record indicating that Mr. McQuaig had approximately two beers.

**2.** McQuaig's version of the subsequent events were that he left the automobile, approached the patrol car and inquired as to what was wrong. Upon learning the offense was speeding and that the speed limit was 45 miles per hour (mph), McQuaig admitted that he was speeding because he was doing 55 mph. At that point McCoy indicated his radar clocked McQuaig at 68 mph; McQuaig disputed that fact and questioned the accuracy of the radar. McCoy took umbrage to this questioning, became angry and then told McQuaig "That's it. Your ass is going

to jail." While en route to the New Sarpy jail, McCoy asked McQuaig if he had been drinking; McQuaig responded affirmatively. At that point McCoy decided to charge him with DWI.

McCoy tells a substantially different story. After he pulled McQuaig over, he asked McQuaig to step out of his vehicle. When McQuaig came up to the vehicle, he had some difficulty getting his driver's license out. They discussed the speeding infraction, with McQuaig asking to see the radar unit. When he stuck his head in the patrol car window, McCoy noticed a strong odor of alcoholic beverages on his breath. At this point McCoy decided to arrest him for suspicion of DWI.

trial hearing, the district court bifurcated the proceedings, with the threshold issue being whether McCoy had probable cause to arrest McQuaig. The district court also made several evidentiary rulings, two of which the McQuaigs now appeal. First, they argue that the district court erred in refusing to admit without limitation evidence of the Internal Affairs' investigation. Second, they assert the district court erred when it permitted both Carter and Harding to testify on the issue of probable cause. They also argue that a statement by Harding that McQuaig refused to take "the test" was grounds for a mistrial. Finally, the McQuaigs complain that the district court should have sustained their objection to McCoy's "missing witness" argument. We discuss each of these contentions in turn.

## II.

During the pretrial conference, the McQuaigs argued that they should be allowed to introduce as evidence the Internal Affairs' investigation without any limitation. The district court disagreed, ruling that the investigation and any testimony relating to it could only be admitted on rebuttal to contradict any allegation that a field sobriety test could not have been safely administered at the point where McQuaig was pulled over. The McQuaigs objected to the limited use of this evidence. However, since at the trial they only proffered the evidence in the manner permitted by the district court an initial consideration is whether this issue has been preserved for appeal.

The Federal Rules of Evidence provide that to preserve error for appellate review when the complaint is based on a ruling excluding evidence, the substance of the evidence must be made known to the court by offer or be apparent from the context within which questions were asked. Fed.R. Evid. 103(a)(2). The objection must include the grounds for which the party believes the evidence to be admissible. *Reese v. Mercury Marine Division of Brunswick Corp.*, 793 F.2d 1416, 1421 (5th Cir.1986).

The rationale of this rule is to put the court on notice of the purpose for which the evidence is offered while there is still time to remedy the situation.

■ In the present case, the McQuaigs never offered the evidence at trial in any manner except that allowed by the district court's pretrial ruling. McCoy intimates that because this evidence was never proffered, the McQuaigs have not preserved this error. We disagree. While the evidence must be offered to the court, we do not require a formal proffer; instead, the proponent of excluded evidence need only show in some fashion the substance of the proposed evidence. *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir.), *cert. denied*, 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979). *See also Reese*, 793 F.2d at 1421. The purpose of the proffer is to make known to the court for what reasons the evidence is offered. *Collins v. Wayne Corp.*, 621 F.2d 777, 781 (5th Cir.1980) ("The function of an offer of proof is to inform the court what counsel expects to show by the excluded evidence.").

■ During the pretrial conference, the McQuaigs articulated to the court exactly for what purposes the evidence was to be offered, clearly coming within the requirements of Fed.R.Evid. 103(a)(2) and the decisions of this circuit cited above. After the court ruled against them, the McQuaigs objected at two separate times to the ruling. Thus, the McQuaigs have complied with the rule that an objection to a pretrial ruling must be made prior to a litigant being able to raise the matter on appeal. *See Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 192 n. 13 (5th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1202, 89 L.Ed.2d 315 (1986).

Although an argument could be made that our holding is contrary to the rule that "this circuit will not even consider the propriety of the decision to exclude the evidence at issue, if no offer of proof was made at *trial,*" *Winkle*, 587 F.2d at 710 (emphasis added), we do not believe it is. In a situation such as the present case where the party has gone into such detail

(six pages in the record) as to the substance of the evidence and why it should be admitted and where the actual investigation report was later filed as part of the record, we believe the issue has been properly preserved for appeal. Not only was the district court aware of the purposes of the evidence, but also we have a clear record upon which to examine the ruling. Moreover, the McQuaigs' attorney asked the court at the pretrial conference "[s]hould we voice our objection to that right now?" to which the court responded affirmatively. Finally, during the trial the issue of admissibility of the report came up again and the McQuaigs did apparently make some effort to get the evidence in the record. Therefore, we conclude that the issue of the district court limiting the use of the evidence is properly before this court.[3] *See Collins*, 621 F.2d at 781 (although plaintiffs made no offer of proof of the deposition, and it was not filed with the court either before or after the trial, because they made the substance of the deposition known to the court the plaintiffs preserved error). *See also Sheehy v. Southern Pacific Transportation Co.*, 631 F.2d 649, 652–53 (9th Cir.1980).

■ We do not agree, however, with the McQuaigs' contention that the district court erred in limiting the use of the Internal Affairs' investigation. The McQuaigs argue that this evidence was relevant under Fed.R.Evid. 401, and that it satisfied the hearsay exception for public records and reports under Fed.R.Evid. 803(8)(C).

While the report would most likely meet the relevancy standards of rule 401, we do not need to address that issue because we hold that the district court properly limited the admissibility of the report under rule 803(8)(C).

Rule 803(8)(C) provides a hearsay exception for "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness." In *Smith v. Ithaca Corp.*, 612 F.2d 215 (5th Cir.1980), this court held that although the findings of fact in a Coast Guard report were admissible under rule 803(8)(C), any evaluative conclusions or opinions of the Coast Guard were not admissible. *Id.* at 222.[4] In the present case, the district allowed the McQuaigs to admit certain factual parts of the report. That ruling is consistent with rule 803(8)(C) and our decision in *Smith*. Therefore, we affirm the district court regarding the limited admissibility of the Internal Affairs report.

## III.

■ The McQuaigs also argue that the district court should not have permitted testimony by Harding and Carter concerning McQuaig's demeanor in jail[5] and that their request for a mistrial should not have been denied. The court ruled at the pretrial conference to allow the testimony. During the trial the McQuaigs did not object to the officer's testimony.[6] On appeal, they contend that this testimony should

---

**3.** We note, however, that our holding on this point is limited to the facts of this case. In most instances error will not be preserved unless an objection to evidence or a proffer of the evidence is made at the trial.

**4.** Some circuits have followed this position, *see, e.g., Rainey v. Beech Aircraft Corp.*, 784 F.2d 1523, 1527–28 (11th Cir.1986); *Lindsay v. Ortho Pharmaceutical Corp.*, 637 F.2d 87, 94 (2nd Cir.1980), while others have not. *See, e.g., Complaint of Paducah Towing Co.*, 692 F.2d 412, 420 (6th Cir.1982). Although the McQuaigs argue we should adopt a contrary position to this circuit's present policy, the law in this circuit is settled, and until overruled by this circuit en banc, or by the Supreme Court, we are compelled to follow it.

**5.** The officers both testified that McQuaig's speech was slurred, and Carter stated McQuaig was stumbling and he also smelled alcohol on McQuaig's body.

**6.** When the issue of the testimony of the two officers arose, the McQuaigs did take issue with it, but their only complaint was "I don't think that's relevant." They never clearly set forth any grounds for their belief, and never clearly objected during this pretrial conference. This situation, therefore, is distinguishable from their objection to the exclusion of the evidence of the Internal Affairs' report.

have been excluded under Fed.R.Evid. 403 because it was highly prejudicial. However, since the McQuaigs did not object to or otherwise seek to limit the court's consideration of this testimony, they are barred from relief, *see Low v. United States*, 795 F.2d 466, 469 (5th Cir.1986), unless they can show that the trial judge committed plain error. *See United States v. Reed*, 670 F.2d 622, 623 (5th Cir.), *cert. denied*, 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982). The McQuaigs have made no such showing of plain error.

 The request for a mistrial was made following testimony by Harding. Harding stated that "[t]he only conversation, they said he refused the test." The McQuaigs objected to this statement; the court sustained the objection and advised the jury to disregard the testimony. They then requested a mistrial, which the court later denied. The McQuaigs now argue that the testimony was prejudicial and the denial of the mistrial was reversible error. "As a general matter, the decision whether to grant a mistrial is within the sound discretion of the district court." *United States v. Bowman*, 783 F.2d 1192, 1200 (5th Cir. 1986). We do not believe the court abused its discretion where the court advised the jury to disregard the statement that McQuaig refused to take the test. Therefore, we affirm the district court's refusal to grant a mistrial.

### IV.

Finally, the McQuaigs argue that the district court committed reversible error in failing to sustain their objection to McCoy's "missing witness" argument. During McCoy's closing argument, he attempted to draw an inference from the failure of the McQuaigs to call as a witness the passenger in their car, Macon. The implication of not calling Macon as a witness is that her testimony would have been unfavorable. The McQuaigs objected to this statement, but the court did not sustain it or advise the jury to disregard the testimony.

The "missing witness" presumption operates where there is a witness under one party's control who does not testify. The other party is entitled to a presumption that the testimony would have been unfavorable to the other side. *United States v. Parr*, 516 F.2d 458, 471 (5th Cir.1975). However, if the witness is equally available to both parties, the argument is impermissible. *Labit v. Santa Fe Marine, Inc.*, 526 F.2d 961, 963 (5th Cir.), *cert. denied*, 429 U.S. 827, 97 S.Ct. 82, 50 L.Ed.2d 89 (1976). In the present case, the "missing witness," Macon, appears to have been equally available to both parties. Therefore, the missing witness argument made by McCoy was improper and the judge should have sustained the objection.

We do not believe, however, that the failure to sustain the objection constitutes reversible error. There was other evidence irrespective of the lack of Macon's testimony that jury could have relied upon to find probable cause existed for McQuaig's arrest. We do not believe one statement by the defendant's attorney would cause a jury to find probable cause without other evidence. Therefore, we hold that although the judge erred in allowing the argument to be made it was not reversible error.

For the foregoing reasons, we affirm the district court's judgment.

AFFIRMED.