STATE OF NEBRASKA, APPELLEE, V. JOHN J. ARMSTRONG, APPELLANT.

485 N.W.2d 341

Filed March 31, 1992.   No. A-90-999.

P. Stephen Potter for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

SIEVERS, Chief Judge, and MILLER-LERMAN and WRIGHT, Judges.

WRIGHT, Judge.

John J. Armstrong appeals his conviction for distribution of a controlled substance, cocaine, and his sentence of 2 to 6 years' imprisonment. The appellant assigns as error the court's failure to grant a mistrial after the testimony of the informant, Patrick Aufdengarten; the court's failure to declare a mistrial after certain questions were asked by the prosecutor; and the court's abuse of discretion in imposing an excessive sentence and failing to place the appellant on probation.

## TESTIMONY OF AUFDENGARTEN

The appellant argues that certain statements made by the witness Aufdengarten in the presence of the jury warrant a mistrial. An examination of the portion of the bill of exceptions where the allegedly conflicting and prejudicial statements were made by Aufdengarten shows that such statements were elicited by the appellant on cross-examination. A defendant cannot complain of error which he invited the court to commit. *State v. Red Kettle*, 239 Neb. 317, 476 N.W.2d 220 (1991).

In reviewing a criminal conviction, the appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence. *State v. Shepard*, 239 Neb. 639, 477 N.W.2d 567 (1991). Such matters are for the finder of fact, and the verdict must be sustained if the evidence, construed most favorably to the State, is sufficient to support that conviction. *Id.*

The assignment of error is without merit because the appellant at no time objected to this allegedly conflicting testimony. To preserve a claimed error in the admission of evidence, a litigant must make a timely objection, which specifies the ground of the objection to the offered evidence. *State v. Juhl*, 234 Neb. 33, 449 N.W.2d 202 (1989). Failure to assert a timely objection at the time of trial constitutes a waiver

of the objection. *State v. Red Kettle, supra.*

## PROSECUTORIAL MISCONDUCT

The appellant asserts that the prosecuting attorney persisted in asking inadmissible questions during the trial, which would require a mistrial. This assignment of error is also without merit. In this case, even if the appellant had demonstrated that the statements made by the prosecutor were such that the damaging effects could not be cured by admonition or instruction to the jury, he again failed to move for a mistrial following the allegedly inadmissible questioning by the prosecutor. As noted earlier, absent a timely objection to evidence, a party waives the right on appeal to assert prejudicial error. *State v. Roggenkamp*, 224 Neb. 914, 402 N.W.2d 682 (1987). The only time appellant moved for a mistrial occurred prior to the cross-examinations of Aufdengarten and Mike Armstrong. The bill of exceptions shows that appellant's attorney moved for a mistrial after Aufdengarten was asked if he had ever used any illegal drugs while he was with appellant. Appellant's attorney objected to that question, and the objection was sustained. Appellant then moved for a mistrial based on the court's previous ruling on appellant's motion in limine restricting any reference to prior drug use by appellant. The record does not indicate that the court ruled on this mistrial motion. No answer was given to the question; the jury was instructed that the question was not evidence; and the jury was told that it should not speculate as to any answer that might have been given.

The Nebraska Supreme Court has held that the defendant must show that a substantial miscarriage of justice has actually occurred before a mistrial will be declared based on prosecutorial misconduct. *State v. Bradley*, 236 Neb. 371, 461 N.W.2d 524 (1990). Appellant has not demonstrated any miscarriage of justice which occurred because of the prosecutor's questioning of Mike Armstrong or of Aufdengarten.

## EXCESSIVE SENTENCE

Appellant's final assignment of error alleges that his sentence of 2 to 6 years' imprisonment was excessive and that he should

have been placed on probation. Distribution of cocaine is a Class II felony, Neb. Rev. Stat. § 28-416(1)(a) and (2)(a) (Cum. Supp. 1988), which is punishable by from 1 to 50 years' imprisonment, Neb. Rev. Stat. § 28-105(1) (Reissue 1985). The Supreme Court has repeatedly held that a denial of probation and imposition of a sentence within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Thomas*, 238 Neb. 4, 468 N.W.2d 607 (1991). An abuse of discretion occurs when the reasons or rulings of the trial court are clearly untenable and deny a just result to the defendant. *Id*. We cannot say that the sentence given to the appellant is clearly untenable or denies a just result to the appellant.

The presentence investigation shows appellant's record includes 6 months' probation in 1978 for a conviction of petty larceny. He was convicted in 1986 of selling liquor to minors. During the trial of his codefendant, Armstrong was called as a witness for the State and was offered immunity from prosecution. *State v. Palser*, 238 Neb. 193, 469 N.W.2d 753 (1991). Armstrong refused to testify and was found in contempt of court. *Id*. He served 7 days in jail on the contempt charge. When the *Palser* trial reconvened, Armstrong was unable to recall any activity or conversation that occurred on November 18, 1988, or the contents of his voluntary statement, which had been admitted as exhibit 1. *Id*. The probation office recommended against probation for Armstrong.

Appellant's failure to cooperate with the State in the *Palser* trial was one factor which the trial court could consider in sentencing appellant. The court determined that probation, in this instance, would depreciate too much from the seriousness of the crime. The sentence was within the statutory limits, and the denial of probation was not an abuse of discretion.

We do comment, however, on the statements of the trial court in the record which suggest that the court has a set policy that intensive supervision by the probation system will not be applied in cases of distribution of cocaine and that the sentence will be a mandatory 5 to 10 years. Appellant received a sentence of 2 to 6 years because he was "grandfathered" under the trial court's earlier policy and hence received a lighter sentence. We

expressly disapprove of such set policy because it suggests an absence of the exercise of discretion and it renders any presentence investigation or recommendation concerning probation a meaningless report. If a mandatory sentence of incarceration for distribution of cocaine is required, it is a function of the legislative body of the State of Nebraska. It is not the province of the trial court to establish a policy of mandatory sentences of incarceration for the distribution of cocaine.

The decision and order of the trial court are affirmed.

AFFIRMED.