**UNITED STATES of America**

v.

**Hubert C. FUNCHESS.**

**No. 3:97–cv–537WS.**

United States District Court, S.D. Mississippi, Southern Division.

July 21, 1999.

Hubert C. Funchess, Big Spring, TX, for Hubert C. Funchess, plaintiff.

Victoria May, U.S. Attorney's Office, Jackson, MS, for U.S.

### ORDER DENYING MOTION TO VACATE SENTENCE

WINGATE, District Judge.

Before the court is the petition of Hubert C. Funchess submitted pursuant to Title 28 U.S.C. § 2255 [1] and seeking to vacate or modify the petitioner's sentence. This court, having given full consideration to all issues raised by the petitioner, finds that the petition is not well taken and the same is denied.

On June 30, 1994, Hubert C. Funchess was found guilty of conspiracy to possess with intent to distribute cocaine under Title 21 U.S.C. § 846.[2]  Funchess also was

---

[1]. Title 28 U.S.C. § 2255 provides in part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

[2]. Title 21 U.S.C. § 846 provides that, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

found guilty of using a communications facility (telephone) in furtherance of a controlled substance offense in violation of Title 21 U.S.C. § 843(b).[3] Funchess now asserts that his sentence should be set aside because his trial attorney ineffectively represented him by failing to offer objections to hearsay testimony or to evidence of other bad acts. Funchess also contends that his appeal counsel was ineffective for failing to challenge the computation of his criminal history points.

## I. Background

Funchess was found guilty of mailing a package of cocaine from California to Mississippi where his co-conspirators were to verify the arrival of the package by telephone. The package then was to be sold and the proceeds divided between Funchess and his co-conspirators.

On October 27, 1993, the United States Postal Inspector in Jackson, Mississippi was warned by the Postal Inspector in New Orleans, Louisiana that a package mailed from California and in transit through New Orleans to Jackson had been identified as suspicious by a dog trained and certified to locate narcotics in the mail. The package was forwarded to the Post Office in Jackson, Mississippi where on October 28, 1993, the Jackson Postal Inspector received the package and requested the assistance of the Jackson Police Department. The police obtained a search warrant, opened the package, and discovered approximately 8.8 ounces of cocaine packed inside a Sony radio-cassette recorder. The police re-sealed the package and made a controlled delivery to the addressee "Linda" Florence (actually Malissa A. Florence) on Woodway Drive in Jackson, Mississippi. After Florence took delivery, she and Larry Darnell Johnson were arrested. These individuals later identified Hubert C. Funchess as their cocaine supplier. The Jackson Postal Inspector verified through the National Law Enforcement Telecommunications System (NLETS) that Funchess had a California driver's license. Subsequently, Funchess was indicted along with Johnson and Florence. Johnson and Florence entered pleas of guilty and testified against Funchess at trial. Funchess was found guilty and his conviction was affirmed by the United States Court of Appeals for the Fifth Circuit.

Funchess now mounts a collateral attack on his conviction pursuant to Title 28 U.S.C. § 2255, contending that his trial counsel and his appeal counsel rendered ineffective representation.

## II. The Hearsay Issue

According to Funchess, his trial counsel should have objected to the testimony of the Jackson Postal Inspector when he stated that he was told that a suspicious package had been identified by a dog trained and certified to locate narcotics. Funchess contends that this testimony constituted inadmissible hearsay. Funchess also complains that his trial counsel failed to object to the Jackson Postal Inspector's testimony that he relied on the NLETS report to verify that Funchess had a California driver's license.

■ The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Lewis*, 902 F.2d 1176, 1179 (5th Cir.1990), quoting Rule 801(c) of the Federal Rules of Evidence. A "statement" is defined as an oral or written assertion or nonverbal conduct intended as an assertion. *Id.*, quoting Rule 801(a). The effect of this definition is to remove from the operation of the hearsay rule "all evidence of conduct, verbal or nonverbal, not intended as an assertion." *Id.*, citing *United States v. Jackson*, 588 F.2d 1046, 1049 n. 4 (5th Cir.), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979).

---

**3.** Title 21 U.S.C. § 843(b) provides in pertinent part that, "[i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II ·of this chapter."

While the term "assertion" is not defined in the rule, the term has the connotation of a positive declaration. *Id.,* citing Webster's Ninth New Collegiate Dictionary 109 (1985 ed.).

■ When the Jackson Postal Inspector stated that he was told about the package in question, he was not offering his statement to prove the matter asserted or to prove that the package contained cocaine. Thus, the statement is not subject to the hearsay rule. Instead, the Postal Inspector was offering the predicate for his determination that there was probable cause to search the package. It is well settled that the finding of probable cause may be based upon hearsay evidence in whole or in part. *United States v. McCarty,* 36 F.3d 1349, 1356 (5th Cir.1994). Therefore, there is no basis for the assertion that trial counsel was ineffective for failure to object to this testimony on the grounds of hearsay.

■ The Postal Inspector also stated that he relied on a NLETS computer report to verify that Hubert C. Funchess had a California driver's license. Funchess contends that trial counsel's failure to object to this testimony amounts to ineffective assistance. Funchess also suggests that since this testimony alone established his California residency, counsel's failure to object was costly.

Funchess is in error. First, Funchess' ex-girlfriend testified that he lived in California, so, the evidence of Funchess' residency was established by other testimony. Thus, even if this testimony amounted to inadmissible hearsay, the testimony was cumulative and, thus, harmless error. *See United States v. Okoronkwo,* 46 F.3d 426, 435 (5th Cir.1995) (hearsay testimony merely cumulative of substantial evidence establishing the same fact is harmless error); and *United States v. Hutson,* 821 F.2d 1015, 1018 (5th Cir.1987), citing *Martin v. Wainwright,* 770 F.2d 918, 933 (11th Cir.1985); and *United States v. Hunt,* 478 F.2d 357, 359 (9th Cir.), *cert. denied,* 414 U.S. 850, 94 S.Ct. 142, 38 L.Ed.2d 99 (1973) (where inadmissible hearsay is cumulative of other evidence, its admission is harmless error).

■ Secondly, Rule 803(8) provides a hearsay exception for "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate a lack of trustworthiness." *McQuaig v. McCoy,* 806 F.2d 1298, 1302 (5th Cir.1987). The rule exempts "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency." *Smith v. Isuzu Motors Ltd.,* 137 F.3d 859, 862 (5th Cir. 1998). For instance, in *McQuaig,* the Fifth Circuit approved the district court's allowance of certain factual, non-conclusory parts of an official report. In *Smith v. Ithaca Corporation,* 612 F.2d 215 (5th Cir. 1980), the Fifth Circuit held that the findings of fact in a Coast Guard report were admissible under Rule 803(8)(C), while any evaluative conclusions or opinions of the Coast Guard were not admissible. *Id.,* at 222. In *Smith v. Isuzu Motors, supra,* the Fifth Circuit agreed that memoranda prepared by staff members of National Highway Traffic Safety Administration (NHTSA), which expressed preliminary or interim opinions about research on safety of particular types of vehicles, were hearsay, and did not fall within hearsay exception for public records under Rule 803(8), since the memoranda did not set forth activities of agency and did not reflect factual findings.

In the instant case the Postal Inspector made an investigation pursuant to the authority granted him by law. Resultantly, he relied on a NLETS computer generated report showing that Hubert C. Funchess possessed a California driver's license. The report contained no evaluative conclusions or opinions, but reported only the fact that Funchess was a duly licensed driver in the State of California. Based on the foregoing authority, this court finds that had petitioner objected to the Postal Inspector's reference to the NLETS report, this court, upon proper predicate,

would probably have found the report to be admissible under the public record exception to the hearsay rule under 803(8). Thus, this court rejects petitioner's contention that his trial counsel was ineffective for not objecting to this reference on the grounds of hearsay.

### III. Prior Bad Acts

Funchess complains that his trial counsel should have objected to the audio tapes and testimony of Larry Darnell Johnson and Malissa A. Florence when they referred to the many previous purchases of cocaine made through Funchess beginning in 1990–1991, and to the three times Florence previously had permitted Funchess to mail cocaine to her address. According to Funchess, this testimony constituted impermissible references to prior bad acts and unrelated crimes which unduly influenced the verdict of the jury.

This argument was presented to the Fifth Circuit on direct appeal of Funchess' conviction and sentence. The Fifth Circuit found that the audio tapes had been authenticated properly by the United States, citing *United States v. Polk*, 56 F.3d 613, 631–32 (5th Cir.1995) (testimony of a witness with knowledge and, for identifying a voice, an opinion based on hearing the voice at any time under circumstances connecting it with the alleged speaker) and Rule 901(b)(1), (5) of the Federal Rules of Evidence.

Next, the Fifth Circuit held that the co-conspirators' testimonial references to other acts committed with Funchess during the life of the conspiracy in question were intrinsic and "inextricably intertwined" with the charge the United States was trying to prove. Thus, said the Fifth Circuit, these references were admissible. *See United States v. Powers*, 168 F.3d 741, 749 (5th Cir.1999) (we consider evidence

" 'intrinsic' when the evidence of the other act and evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged"); and *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990) (same). *See also United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.1996) (holding that where a conspiracy is charged, acts that are not alleged in the indictment may be admissible as part of the Government's proof); and *United States v. Quesada*, 512 F.2d 1043, 1046 (5th Cir.1975) (explaining that the Government, in proving a conspiracy, is not limited to overt acts alleged in the indictment and that the prosecution "may show other acts of the conspirators occurring during the life of the conspiracy"). Therefore, this court rejects the argument that trial counsel was ineffective for failing to object to the testimony of the co-conspirators and to the audiotapes pertaining to prior criminal acts.

■ Finally, the argument that Funchess' co-conspirators improperly were permitted to testify concerning prior and unrelated criminal acts was rejected by the Fifth Circuit on direct appeal. Claims raised and rejected on direct appeal are barred from collateral review. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986).

### IV. The Criminal History Computation

■ Funchess contends that this appeal counsel failed to provide him effective assistance. According to Funchess, the computation of his criminal history points under § 4A1.1 [4] of the United States Sen-

---

4. Section 4A1.1 provides for the calculation of the accused's criminal history category. The total points from items (a) through (f) of Section 4A1.1 determine the criminal history category in the Sentencing Table in Chapter Five, Part A, of the Sentencing Guidelines as follows:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

tencing Guidelines was incorrect, and appeal counsel failed to address this issue.

Following a conviction and exhaustion or waiver of the right to direct appeal, the court may presume that a defendant stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.1998), citing *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* For instance, claims that the trial judge erred in calculating a sentence are not grounds for section 2255 relief. Technical application of the Sentencing Guidelines does not give rise to constitutional issues. *Id.*, citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

■ The assertions relating to Funchess' claim that he received ineffective assistance from his appeal counsel do not raise an issue of constitutional proportions inasmuch as they simply quarrel with this court's technical applications of the Sentencing Guidelines. Consequently, this court finds no basis for granting relief under § 2255 because there was no issue for appeal, and appeal counsel did not perform ineffectively by not raising a sentencing issue on direct appeal.

Funchess first claims that he was sentenced under the Guidelines which were in effect in September of 1995 and that he would have received a lighter sentence if the court had applied the "version" of § 4A1.1 in effect in June of 1995. This is a specious contention. The Guidelines applied by the court were the same from November of 1994 through October of 1995. The next version of the Guideline went into effect in November of 1995 with no changes made to § 4A1.1. Certainly, appeal counsel had no reason to raise this matter on direct appeal.

■ Funchess also contends that this court should have applied § 4A1.1(c) of the Sentencing Guidelines (one criminal history point) to a 180–day Work Furlough Program sentence imposed in South Bay, California and served in coordination with the City of Hawthorne, California jail. While Funchess argues that this sentence resulted in no jail time and no probation, the Pre-sentencing Report setting forth the record of this conviction and sentence and the letters from the Hawthorne City Jail state otherwise. According to the documentation, Funchess was convicted of carrying a loaded firearm in a public place and with driving during a time when his licence was suspended. Funchess was sentenced to serve 90 days in jail, suspended, and two years probation. However, this period of probation was revoked when Funchess was arrested on other charges. Funchess then was sentenced to serve six months in jail. The City of Hawthorne, California acknowledges that Funchess was placed in the Work Furlough Program. William D. Griffith, the Facility Manager of the Hawthorne jail, wrote to Funchess on December 12, 1995, and ex-

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If

2 points are added for item (d), add only 1 point for this item.

(f) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

plained to Funchess that he was serving a jail sentence, notwithstanding that Funchess was assigned to the Work Furlough Program. Griffith attached a description of the Work Furlough Program which states in pertinent part that, "[t]he trustees are sentenced prisoners that serve their time at the Hawthorne jail. Because of a lack of bed space the trustees spend only eight hours in jail for each day sentenced, and are released to return to their jobs and families." The description goes on to list the advantages of this program to the prisoners and to the courts. Clearly, Funchess was serving a jail sentence when he participated in the Work Furlough Program.

The only way to apply § 4A1.1 of the Sentencing Guidelines, both chronologically and logically, is to proceed from subsection (a) to subsection (b) to subsection (c). Subsection (b) applies only to the extent a sentence is not counted in subsection (a), and subsection (c) applies only to the extent a sentence is not counted in either (a) or (b). *United States v. Valdez–Valdez*, 143 F.3d 196, 202 (5th Cir.1998).

In the instant case, no part of the sentence in question was counted under subsection (a). Funchess' entire sentence was counted under subsection (b) of § 4A1.1, so, there was nothing left to count under subsection (c). Indeed, Funchess' Hawthorne California jail sentence would have fallen under subsection (c) only if it had been for a term of less than sixty days. Therefore, this court finds that the calculation of Funchess' criminal history points was done correctly. There was no issue for appeal, and appeal counsel did not render ineffective representation when he did not raise the sentencing calculation on direct appeal.

### V. The Strickland Standard

In *Strickland v. Washington*, 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984), the United States Supreme Court created a two-prong test for determining whether a counsel's performance was ineffective under the Sixth Amendment. First, the defendant must show that his counsel's performance "fell below an objective standard of reasonableness". *Id.*, 104 S.Ct. at 2064. Also, the defendant must show that his defense was prejudiced and that "but for counsel's unprofessional errors, the result of the proceeding would have been different". *Id.*, 104 S.Ct. at 2068.

Inasmuch as this court finds no unprofessional errors committed by either trial or appeal counsel for Funchess, and inasmuch as Funchess has not shown that either his trial counsel's performance, or his appeal counsel's performance, fell below an objective standard of reasonableness, the claim of ineffective assistance of counsel is wholly unsupported. Therefore, the motion to vacate or set aside the conviction and sentence of Hubert C. Funchess pursuant to Title 28 U.S.C. § 2255 is not well taken and the same is hereby denied.

**SO ORDERED.**