IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31330
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESTER TERRAZE BALL, also known as T-Ball,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50025-ALL
--------------------
July 12, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lester Terraze Ball appeals his conviction for distribution of 50 grams or more of cocaine base. Finding no error, we affirm.

Ball argues first that his conviction on Count 2, the distribution of crack cocaine, should be reversed because the jury rendered a not guilty verdict on Count 1, the distribution of marijuana count. He contends that the same officer, Horton,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testified as to both counts and, thus, if the jury found him not guilty on Count 1, they should have found him not guilty on Count 2.

Inconsistent verdicts are not a bar to conviction if there is sufficient evidence to support the jury's determination of guilt. United States v. Gieger, 190 F.3d 661, 664 (5th Cir. 1999). The officer who dealt directly with Ball, Horton, testified about the transaction in which Ball sold him cocaine base. Horton testified that he met with Ball at Ball's residence on November 8, 2000, and purchased two ounces of crack cocaine from Ball for $1,600.00. He testified that he dealt directly with Ball, placing the money directly in his hands. There was sufficient evidence to support the conviction on Count 2.

Ball next argues that his conviction should be reversed because the prosecution failed to provide him with the identity of the confidential informant. He argues that he was denied the right to confront the witness against him and was deprived of due process. The denial of a request for disclosure of an informant is reviewed for abuse of discretion. United States v. Sanchez, 98 F.2d 1384, 1391-92 (5th Cir. 1993). However, because Ball never asked the court for disclosure of the informant, the failure of the Government to provide this information is reviewed for plain error. United States v. Olano, 507 U.S. 725, 730-37 (1993); United States v. Calverley, 37 F.3d 160 (5th Cir. 1994) (en banc).

In Sanchez, 98 F.2d at 1391-92, disclosure of the confidential informant's identity was not required because the informant was not involved in the heroin transaction. The informant observed the transaction but did not set up the crime or lead the police to the crime scene. Disclosure was not essential to the fair determination of guilt or innocence because the informant's participation was limited, and the testimony would not help the defense. Similarly in this case, the informant did not participate in the transactions in question, he was merely present in Ball's residence and observed, and there is no indication that his testimony would be helpful to Ball. There was no plain error in the Government's failure to disclose the identity of the informant.

As a corollary to his argument concerning the nondisclosure of the informant's identity, Ball argues that the district court abused its discretion in refusing to instruct the jury concerning the adverse inference to be drawn from a missing witness. "The propriety of giving a 'missing witness' instruction is necessarily a matter committed to the discretion of the trial judge." Labit v. Santa Fe Marine, Inc., 526 F.2d 961, 963 (5th Cir. 1976). A missing witness instruction is not justified if it appears that the testimony of the witness would likely have been merely cumulative or corroborative. United States v. Jennings, 724 F.3d 436, 446 (5th Cir. 1984). The testimony of the informant in this case would merely have corroborated the testimony of Officer

Horton that crack cocaine and money were on the table in Ball's residence. The district court did not abuse its discretion in refusing to give the missing witness instruction to the jury.

Ball argues that the district court erred in denying his motion for acquittal because no one specifically identified him as the person who committed the crime. Because Ball failed to renew his motion for judgment of acquittal at the close of all the evidence, review is limited to whether his conviction resulted in a manifest miscarriage of justice. United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994). Horton positively identified Ball as the person from whom he purchased the drugs. Ball's argument that the evidence of his identity was insufficient is frivolous.

AFFIRMED.